IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLOBAL GROUND SUPPORT, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SAUTTER CRANE RENTAL, INC. | : | NO. 06-3511 |

O'NEILL, J.                                                        JANUARY 11, 2007

### MEMORANDUM

Plaintiff Global Ground Support, Inc. filed a complaint on August 8, 2006, alleging negligence and gross negligence claims against defendant Sautter Crane Rental, Inc. Before me now is defendant's motion to dismiss and plaintiff's response.

### BACKGROUND

In 2005, Global entered into a service agreement with the City of Philadelphia to repair and re-certify eleven pedestal-mounted boom assemblies that comprised the City's aircraft de-icing systems at Philadelphia International Airport. To accomplish this, the booms had to be dismantled and transported to a remediation facility and then transferred back to the airport, reassembled, and re-installed. Global retained Sautter to provide crane equipment for disassembly and reinstallation of the booms and to transport the booms to and from the remediation location.

On October 11, 2005, Sautter was scheduled to transport boom 3A from the remediation facility to the airport. While the Sautter employee loaded and secured boom 3A onto the truck, employees of Global advised Sautter how to properly secure the boom and gave the Sautter driver instructions regarding the safest travel route to the airport. The Sautter employees

1

disregarded this information. As the truck entered a sharp curve in the road, the boom broke free and fell from the truck onto the roadway, sustaining damage.

Global's agreement with the City required Global to return boom 3A in proper working order. As a result of the damage to boom 3A it could not be re-installed for the 2005-2006 de-icing season. Global then had to supply the airport with two mobile de-icing trucks with substantially similar features and performance capabilities as existed on the 3A boom. According to the complaint, the cost to Global to repair the damage to the boom and to provide temporary equipment, including lost opportunity costs, was in excess of $325,000.[1]

In the complaint, Global brought two claims against Sautter: negligence and gross negligence. Global alleges that Sautter was negligent in its: (a) failure to exercise due care in loading the boom on to the truck; (b) failure to exercise due care in securing the boom to the truck; (c) failure to heed the advice of Global employees regarding the safest travel route to the airport; (d) failure to follow a Global employee to the airport; (e) failure to select a safe travel route to the airport; (f) failure to maintain the truck under control during the drive to the airport; (g) failure to drive the truck at a safe rate of speed during the trip to the airport; and (h) driving the truck in such a manner as to permit the boom to come loose from its moorings and fall to the ground while en route to the airport. Global alleges that Sautter was grossly negligent by: (a) diverting from procedures used previously and knowingly failing to properly secure the boom to the truck before transporting it to the airport; (b) willfully disregarding the recommendations of

---

[1] Global Ground Support has also filed a breach of contract action stemming from this incident against Glazer Enterprises, the boom manufacturer. See Global Ground Support, Inc. v. Glazer Enterprises, Inc., 2006 WL 208639 (E.D. Pa. Jan. 24, 2006) (granting in part and denying in part defendant's motion for summary judgment).

Global employees with respect to securing the boom to the truck; (c) knowingly choosing a travel route that contained curves too sharp to safely transport the boom; (d) willfully disregarding the advice and instructions of Global employees with respect to the safest route to travel to the airport; (e) refusing to follow a Global employee to the airport; (f) recklessly failing to maintain the truck at a proper rate of speed so that the boom would not become dislodged; and (g) knowingly operating the truck at a rate of speed that was unsafe for transporting the boom.

Sautter moves to dismiss for two reasons. First, it argues that Count I of the complaint for negligence is barred by Pennsylvania's "gist of the action" doctrine. Second, it asserts that Count II should be dismissed because Pennsylvania law does not recognize claims for gross negligence.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). In ruling on a 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, plaintiffs may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir.1996) (citations omitted). Nevertheless, in evaluating plaintiff's pleadings I will not credit any "bald assertions." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Nor will I accept as true legal conclusions or unwarranted factual inferences. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "The complaint will be deemed to have alleged sufficient facts if it adequately put the defendant on notice of the essential elements of the plaintiff's cause of action." Nami, 82 F.3d at 65. A Rule 12(b)(6)

motion is proper only if the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

DISCUSSION

Under Pennsylvania's "gist of the action" doctrine,[2] a plaintiff may not recover in tort on a claim for breach of contract. Pittsburgh Constr. Co. v. Griffith, 834 A.2d 572, 581 (Pa. Super. Ct. 2003). The Pennsylvania Superior Court has described the reasons for the distinction as follows:

> [A]lthough they derive from a common origin, distinct differences between civil actions for tort and contract breach have developed at common law. Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals. To permit a promisee to sue his promisor in tort for breaches of contract inter se would erode the usual rules of contractual recovery and inject confusion into our well-settled forms of actions.

Bash v. Bell Tel. Co. of Pa., 601 A.2d 825, 829 (Pa. Super. Ct. 1992) citing Iron Mountain Sec. Storage Corp. v. Am. Specialty Foods, Inc., 457 F. Supp. 1158, 1165 (E.D. Pa. 1978). "[A] breach of contract may give rise to an actionable tort where the wrong ascribed to the defendant is the gist of the action, the contract being collateral." Griffith, 834 A.2d at 582. In a case where the "parties' obligations are defined by the terms of the contract, and not by the larger social policies embodied in the law of torts," the plaintiff may not recover in tort. Bash, 601 A.2d at 830; see also Hart v. Arnold, 884 A.2d 316, 340 (Pa. Super. Ct. 2005).

In this case, Sautter's obligations arose solely from the contract between the parties. As Global pled in the complaint, Global retained Sautter to enable disassembly and reinstallation of the booms and to transport the booms to and from the remediation location. These duties did not

---

[2]Both parties agree that Pennsylvania law applies in this case.

arise by law as a matter of social policy; Sautter had no obligation to transport the booms until it entered into the agreement with Global. The negligent acts attributed to Sautter in the complaint all stem from its failures to perform those duties. Therefore, the gist of Global's entire action against Sautter is in contract and Global may not recover against Sautter in tort.

Global urges me to follow the reasoning in three cases: Mellon Bank v. Maris Equipment Co., 53 Pa. D. & C.4th 209 (Pa. Com. Pl. 2000); Siegel v. Struble Brothers, Inc., 28 A.2d 352 (Pa. Super. Ct. 1942); and Reitmeyer v. Sprecher, 243 A.2d 395 (Pa. 1968). First, Global argues that its injury was caused by Sautter's complete disregard of Global's instructions and refusal to follow Global's directions, constituting malfeasance, and not nonfeasance, and thus arises from tort. See Mellon Bank, 53 Pa. D & C.4th at 220. I disagree. In Mellon Bank, the Court of Common Pleas of Philadelphia County discussed the two lines of case law relating to the "gist of the action" doctrine. Id. at 219. Global, in this case, cites Mellon Bank as embracing the malfeasance/nonfeasance distinction. In Mellon Bank, however, the Court notes that the Pennsylvania Superior Court has rejected that distinction in favor of the approach I discuss above. Id. The Mellon Bank Vourt eventually allowed a tort claim because it was not wholly dependent on the terms of the contract, which differentiates it from the case at hand. Id. at 221. Unlike in that case, the cause of action here is completely dependent on the terms of the contract and therefore does not support Global's tort claims.

Global's reliance on Siegel and Reitmeyer is also misplaced. The Siegel case was decided in 1942, before Pennsylvania courts began applying the gist of the action doctrine, and does not mention the doctrine at all. See Siegel, 28 A.2d at 352-55. The Reitmeyer case, decided in 1968, also arose before the Pennsylvania "gist of the action" jurisprudence. Further,

5

in <u>Reitmeyer</u>, the Supreme Court of Pennsylvania permitted the plaintiff to sue in negligence because of the landlord's duty to repair and keep safe the premises did not arise from the contract. 243 A.2d at 290-91. Neither of these cases supports Global's tort claims, and therefore Global's complaint will be dismissed.[3]

      An appropriate Order follows.

---

[3]Defendant only challenges Count I of Global's complaint as barred by the "gist of the action" doctrine, and does not mention Count II. Both negligence and gross negligence are tort claims. <u>See</u> <u>Fialkowski v. Greenwich Home for Children, Inc.</u>, 921 F.2d 459, 463 (3d Cir. 1990) ("degrees of negligence are not generally recognized under Pennsylvania common law"); <u>see also</u> <u>Ferrick Excavating and Grading Co. v. Senger Trucking Co.</u>, 484 A.2d 744, 749 (1984). Therefore I will dismiss both counts of Global's complaint under the "gist of the action" doctrine.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLOBAL GROUND SUPPORT, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SAUTTER CRANE RENTAL, INC. | : | NO. 06-3511 |

ORDER

AND NOW, this 11th day of January 2007, after consideration of defendant's motion to dismiss and plaintiff's response, it is hereby ORDERED that defendant's motion to dismiss is GRANTED.

s/ Thomas N. O'Neill, Jr.
THOMAS N. O'NEILL, JR., J